**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

ALDRIN GUERRERO MUNOZ,

          Petitioner,

v.

STATE OF MINNESOTA and
MICHELLE SMITH/Warden,

          Respondents.

Civil No. 14-0792 (PJS/JJG)

**REPORT AND RECOMMENDATION**

---

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1.)  The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, the Court will recommend that this action be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

**I.   BACKGROUND**

In 2005, Petitioner was convicted of second degree murder pursuant to an "Alford plea agreement."[2]  (Petition, [Docket No. 1], p. 1, §§ 2, 5 and 6.)  After the plea was entered, the trial court conducted a sentencing hearing, without a jury.  Based on evidence received at that hearing, the trial court determined that Petitioner's sentence should be enhanced because of certain aggravating factors.  Instead of imposing the

---

[1]   Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

[2]   See North Carolina v. Alford, 400 U.S. 25 (1970).

presumptive sentence prescribed by Minnesota's state sentencing guidelines, which would have been about 306 months, the trial court imposed a longer sentence (an "upward durational departure") of 390 months.  Petitioner is presently serving his sentence at the Minnesota Correctional Facility at Stillwater, Minnesota.

After Petitioner was convicted and sentenced, he filed a direct appeal.  However, Petitioner withdrew his appeal before it was addressed by the Minnesota Court of Appeals.  According to Petitioner, his appellate counsel insisted on challenging the validity of the underlying <u>Alford</u> plea, but he wanted to challenge only his sentence. Petitioner apparently was concerned that if his <u>Alford</u> plea were to be invalidated, he might ultimately be convicted of a more serious offense – e.g., first degree murder.  He therefore wanted to challenge only his sentence, not his plea.  Petitioner elected to withdraw his appeal, because he disagreed with his appellate counsel's appeal strategy. (<u>See</u> Petitioner's "Memorandum in Support of Petition for Writ of Habeas Corpus," [Docket No. 6], pp. 5-6.)  Petitioner has not disclosed the date when his appeal was dismissed, but a website maintained by the Minnesota Judiciary, (macsnc.courts.state.mn.us), indicates that the appeal was dismissed in March 2006.

In October 2012, "Petitioner resumed his wish to correct his sentence," so he filed a "motion to correct his unlawful sentence."  (Petition, p. 3.)  Petitioner also filed a motion seeking to have counsel appointed to assist him on that motion.  (Petition, Exhibit A.)  It appears that Petitioner's request for appointment of counsel was referred to the Office of the Minnesota Appellate Public Defender, and Petitioner was subsequently contacted by the same public defender who had been working with him on his direct appeal.  (<u>Id</u>.)  Petitioner did not want to be represented by that attorney, so he asked for

a different attorney. (Id.) However, that request was never granted, and Petitioner ultimately proceeded pro se in his motion challenging his sentence.

The trial court treated Petitioner's 2012 motion as a motion for post-conviction relief under Minn.Stat. §§ 590.01, and the motion was denied as untimely. Petitioner then filed an appeal with the Minnesota Court of Appeals, raising two grounds for relief. First, Petitioner argued that he had been wrongly denied assistance of counsel in his 2012 motion challenging his sentence. Second, Petitioner argued that his 390-month prison sentence should be vacated, because he had been deprived of his federal constitutional right to have a jury determination on the aggravating factors that caused him to receive an enhanced sentence.

The Minnesota Court of Appeals rejected both of the claims that Petitioner raised in his appeal. Munoz v. State of Minnesota, No. A13-273 (Minn.App. 2013), 2013 WL 5508378 (unpublished opinion), rev. denied, Nov. 26, 2013. Addressing Petitioner's denial-of-counsel claim, the Court of Appeals ruled that Petitioner did not have a right to be represented by counsel of his choosing. Id. at *2. Petitioner's second claim was rejected, because the record showed that his challenge to his sentencing was "factually unsupported." Id. at *3. The Court of Appeals explained that:

> "During his plea hearing, [Petitioner] explicitly acknowledged that he was pleading guilty to second-degree murder, that the plea agreement did not contain any promise about his sentence, that he was waiving his right to have a jury determine aggravating factors for an upward-departure sentence, and that the district court was making no promises about the outcome of its sentencing determinations. [Petitioner's] plea agreement stated, 'There is no plea agreement as to the sentence.' The district court also explained to [Petitioner] that the state would try to justify an upward departure, and [Petitioner] said that he understood. Each of the claims that [Petitioner] makes now are contradicted by his words at the sentencing hearing. We conclude that [Petitioner] intentionally pleaded guilty to second-degree murder, that he explicitly waived his right to a sentencing

3

> jury, and that his upward-departure sentence did not violate his plea agreement or his right to have a jury determine aggravating factors."

Id. The Minnesota Supreme Court denied Petitioner's application for further review on November 26, 2013.

Petitioner filed his current federal habeas corpus petition on March 21, 2014. The claims raised in the current petition are essentially the same as those that Petitioner raised in the Minnesota Court of Appeals, namely:

(1)   Petitioner was deprived of his federal constitutional right to have a jury determine the aggravating factors that affected his sentence; and

(2)   Petitioner was deprived of his right to counsel in his 2012 state court motion challenging his sentence.

(Petition, pp. 2-3.) However, the claims raised in Petitioner's current habeas corpus petition cannot be heard and decided on the merits, because his petition is time-barred.

## II.   DISCUSSION

28 U.S.C. § 2244(d) establishes a one-year statute of limitations for habeas corpus petitions filed by state prison inmates.[3] The statute provides as follows:

> "**(d)(1)**   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>    (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>    (B)   the date on which the impediment to filing an

---

[3] Petitioner should note that the federal habeas statute of limitations operates wholly independently of the Minnesota state statute of limitations that applies to post-conviction motions filed in state court. Therefore, the timeliness (or untimeliness) of Petitioner's 2012 state court motion under Minnesota's state statute of limitations has no direct bearing on this Court's analysis of the timeliness of the current federal habeas petition.

4

>    application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>    (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>    (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(d)(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In this case, there is nothing in Petitioner's submissions which suggests that clauses (B), (C) or (D) of § 2244(d)(1) could be applicable. In other words, there is no suggestion that the State created any unconstitutional impediment that prevented Petitioner from seeking federal habeas relief within the prescribed one-year limitations period, and Petitioner has not shown that his current claims are based on any new, retroactively applicable, constitutional ruling, or any new and previously undiscoverable evidence that could extend the deadline for seeking federal habeas corpus relief.

Petitioner could perhaps argue that § 2244(d)(1)(D) affects the statute of limitations starting date for his second claim for relief – i.e., that he was denied assistance of counsel in his 2012 state court motion proceedings. The "factual predicate" of that claim arguably did not exist until Petitioner proceeded pro se in his 2012 motion challenging his sentence. However, Petitioner's pro se status did not arise sooner only because he did not file his motion sooner. He could have filed his state court motion challenging his sentence in 2006, but he waited until 2012. If Petitioner had exercised "due diligence," instead of waiting six years to challenge his sentence, the "factual

predicate" of his current denial-of-counsel claim would have been "discovered" long ago. The belated "discovery" of Petitioner's denial-of-counsel claim is attributable solely to his own lack of due diligence in filing his state court motion challenging his sentence. Therefore, he cannot rely on § 2244(d)(1)(D) to push back the starting date of the one-year statute of limitations.[4]

Because none of the circumstances described in § 2244(d)(1)(B), (C) and (D) is present here, the one-year limitations period began to run in this case, pursuant to § 2244(d)(1)(A), when Petitioner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." The judgment at issue in this case became final on direct appeal, for purposes of § 2244(d)(1)(A), when Petitioner voluntarily withdrew his direct appeal in March 2006, and the federal habeas statute of limitations began to run at that time. The deadline for filing a federal habeas corpus petition expired one year later, in March 2007. Petitioner did not file his current petition, however, until March 2014 – seven years after the statute of limitations had expired. Therefore, the current petition is time-barred, unless the statute of limitations was somehow tolled.

The statute of limitations is tolled pursuant to § 2244(d)(2) when a prisoner files a state post-conviction motion, or otherwise seeks collateral relief, in a procedurally proper

---

[4] It is worth noting that Petitioner's current denial-of-counsel claim is meritless in any event, because there is no federal constitutional right to counsel in state post-conviction proceedings, such as Petitioner's 2012 motion challenging his sentence. Pennsylvania v. Finley, 481 U.S. 551, 555-57 (1987). Moreover, any right to counsel that might exist under Minnesota state law is not actionable in a federal habeas corpus proceeding. See Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, law or treaties of the United States").

state court proceeding.   The statute remains tolled during the entire period of time that such collateral proceedings continue to be pending in any state court, including the state appellate courts.   Mills v. Norris, 187 F.3d 881, 883-84 (8th Cir. 1999).

In this case, Petitioner sought collateral review of his sentence by filing a motion in the trial court in October 2012.   That motion, however, did not effectively toll the statute of limitations pursuant to § 2244(d)(2), because the one-year federal statute of limitations had already expired long before that motion was filed.   See Jackson v. Ault, 452 F.3d 734, 735 (8th Cir. 2006) ("[t]he one year AEDPA limit for federal habeas filing cannot be tolled after it has expired").   See also Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (state post-conviction motion filed after the § 2244(d)(1) statute of limitations has expired cannot toll the statute "because there is no period remaining to be tolled"), cert. denied, 531 U.S. 991 (2000); Bogan v. Moore, 55 F.Supp.2d 597, 600 (S.D.Miss. 1999) ("[o]nce the one year statute of limitations has expired, it cannot thereafter be tolled by a motion for post-conviction relief").

Petitioner might believe that his 2012 motion challenging his sentence somehow 'reset the clock,' giving him a fresh new one-year limitations period that did not begin to run until his state court proceedings were fully completed in November 2013, when the Minnesota Supreme Court denied his application for further review.   However, that is simply not the case.   "Section 2244(d)(2) only stops, but does not reset, the [statute of limitations] clock from ticking and cannot revive a time period that has already expired." Cordle v. Guarino, 428 F.3d 46, 48, n. 4 (1st Cir. 2005) (citations omitted).   Again, once the statute of limitations expired in this case in March 2007, it could not thereafter be restarted by the filing of Petitioner's 2012 motion challenging his sentence.

7

The Court has also considered whether the doctrine of "equitable tolling" could save this action from being time-barred. See Baker v. Norris, 321 F.3d 769, 771 (8th Cir.) ("the one year AEDPA time limit... may be equitably tolled"), cert. denied, 539 U.S. 918 (2003). See also Holland v. Florida, 560 U.S. 631, 645 (2010) ("like all 11 Courts of Appeals that have considered the question, we hold that § 2244(d) is subject to equitable tolling in appropriate cases").

However, the Eighth Circuit Court of Appeals has made it very clear that equitable tolling is available only "when extraordinary circumstances beyond a prisoner's control make it impossible to file a [habeas corpus] petition on time... [or] when conduct of the defendant has lulled the plaintiff into inaction." Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001) (emphasis added). See also White v. Dingle, 616 F.3d 844, 847 (8th Cir. 2010) ("[u]nder the doctrine of equitable tolling, the AEDPA's statutory limitations period may be tolled if a petitioner can show that (1) he has been diligently pursuing his rights and (2) an extraordinary circumstance stood in his way"). "'[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.'" Jihad, 267 F.3d at 806, (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)).

Equitable tolling cannot be based on such commonplace and non-external excuses as prisoner ignorance or inadequate legal assistance. Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000), cert. denied, 534 U.S. 863 (2001). Instead, the petitioner must show that some specific and truly extraordinary event, of a wholly external nature, made it impossible for him to meet the statute of limitations deadline. Id.

In this case, Petitioner has not presented any potentially viable rationale for

equitable tolling. It appears that here, as in <u>Baker</u>, Petitioner simply was not "diligent in acting to protect his right to federal habeas review of his conviction," (or in Petitioner's case, his sentence). 321 F.3d at 772. Therefore, the untimeliness of this action cannot be excused based on equitable tolling.

## II.   CONCLUSION

For the reasons discussed above, the Court finds that this action is time-barred. The one-year statute of limitations deadline for seeking federal habeas corpus relief expired in this case in March 2007, but Petitioner did not file his current habeas petition until March 2014. The Court further finds that there has been no tolling of the statute of limitations pursuant to 28 U.S.C. § 2244(d)(2) or the doctrine of equitable tolling. Thus, the Court concludes that Petitioner's current § 2254 habeas corpus petition is time-barred, and this action must be summarily dismissed with prejudice.

Having determined that this action must be summarily dismissed due to untimeliness, the Court will further recommend that Petitioner's pending motion for appointment of counsel, (Docket No. 2), be summarily denied. <u>See</u> <u>Edgington v. Missouri Dept. of Corrections</u>, 52 F.3d 777, 780 (1995) (appointment of counsel should be considered <u>if</u> the claimant has stated a facially cognizable claim for relief).

## III.   CERTIFICATE OF APPEALABILITY

A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a Certificate of Appealability, ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted, unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would

9

find the district court's assessment of the constitutional claims debatable or wrong." Slack v. Daniel, 529 U.S. 473, 484 (2000).

In this case, the Court finds that it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would decide Petitioner's claims any differently than they have been decided here. Petitioner has not identified, and the Court cannot independently discern, anything novel, noteworthy or worrisome about this case that warrants appellate review. It is therefore recommended that Petitioner should not be granted a COA in this matter.

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus, (Docket No. 1), be **DENIED**;

2. Petitioner's motion for appointment of counsel, (Docket No. 2), be **DENIED**;

3. This action be **DISMISSED WITH PREJUDICE**; and

4. Petitioner should **NOT** be granted a Certificate of Appealability.


Dated:   March 27, 2014            s/ *Jeanne J. Graham*
                                   JEANNE J. GRAHAM
                                   United States Magistrate Judge

### NOTICE

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **April 14, 2014**. A party may respond to the objections within fourteen days after service thereof. Any objections or responses shall not exceed 3,500 words. The District Judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made.